No. 12,338.

ZIGMOND *v.* COOPER ET AL.

(8 P. [2d] 268)

Decided February 1, 1932. Rehearing denied February 23, 1932.

Mr. HERBERT M. MUNROE, Mr. CLEE E. HICKMAN, Mr. JOHN T. WEISZ, for plaintiff in error.

Messrs. BARTELS & BLOOD, Mr. PAUL P. EAGLETON, Messrs. RHOADS & SEEMAN, Mr. JOHN E. GORSUCH, Mr. EDWARD L. OAKES, Mr. F. S. TAGGART, for defendants in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff in error Zigmond brought an action in the Denver district court for the foreclosure of a trust deed on an apartment house which was given as security for a loan. He asked for the appointment of a receiver, pending determination of the action, to take charge of the building, since there was serious danger of depreciation in its value, that repairs were necessary to make it "tenantable," the trust deed security containing a permissive receivership clause. According to his request the court ordered that a receiver be appointed and Zigmond, himself, was selected as the receiver. Thereafter defendants in error here instituted an action in the same district court to foreclose liens of materialmen and mechanics for work done upon the apartment building and for materials furnished therefor. The two actions were consolidated for trial as one action, the issues in the controversy thus raised being as to the priority of the respective liens of Zigmond's trust deed and the mechanics

and materialmen. On a hearing before the court the findings were in favor of the defendants in error, the lien claimants, and their liens were held to be superior and prior to plaintiff's lien under the trust deed, and a sale of the property was ordered. Thereafter the receiver Zigmond made his report to the court which, with some modifications, was approved and he was discharged as receiver of the property, and the court made an order that the balance of the money remaining in his hands, which consisted of the net rentals of the property, be distributed among the holders of the mechanics' liens which theretofore had been adjudicated to be superior to any right of Zigmond under the trust deed. Afterwards Zigmond became the owner of this property by purchase and he asked that the net rentals, amounting to $172.10, collected by him as receiver be paid over to himself. This motion was denied. Thereafter on November 17, 1928, the defendants in error applied to the court for the appointment of another receiver alleging that as lien holders they already had been adjudged to be entitled to the rents, issues and profits of the property to the amount of their claims and that since the discharge of the plaintiff in error as receiver as aforesaid, no person had been, or was, in charge of the property, and that for the preservation and the continued operation thereof it was necessary that fuel be purchased, water rents be paid and repairs made. Zigmond filed an answer to this petition questioning its sufficiency and denied the right of the lienors to the rents, alleging at the same time that after his discharge as receiver he had become the owner of the property and was in possession thereof and receiving the rents and was carefully managing the property and was solvent. The court, however, appointed Harold W. Holmes as receiver, to whom authority was given to take possession and collect the rents, issues and profits.

Because of indefiniteness in the record it is difficult to ascertain just what the real controversy is or what questions are properly before us for decision. However,

the assignments of error by the plaintiff Zigmond, to which he is restricted, are as follows: (1) The court erred in overruling the motion of the plaintiff in error that he be paid from moneys paid into the registry of the court, the sum of $172.10; (2) the court erred in granting the petition of defendants in error for the appointment of a receiver under date of November 19, 1928; (3) the court erred in the appointment of a receiver on November 21, 1928. The prayer of the plaintiff in error is that the judgment of the district court in making these orders be reversed. Assignments 2 and 3 constitute one assignment only, which is that the trial court's appointment of a receiver was error. As the receiver was discharged before this writ of error was sued out, the validity of the appointment is moot. We decline, therefore, to pass upon the assignment directed against it.

The only ruling of the trial court left for consideration is its order denying the motion of plaintiff in error that he be paid the sum of $172.10 out of the moneys in the registry of the court. In this connection it is fitting to state that the liens involved in this action were for materials furnished and work and labor done upon this apartment house while it was owned by and in the possession of one Snowden, the grantee of plaintiff in error Zigmond which, as already stated, had been adjudicated by the district court as constituting a lien superior to any right or interest that Zigmond had in these premises, and, according to the findings of the district court all of which, both as to questions of fact and of law, were in favor of the lien claimants, this sum of money, still in the registry of the court, was a part of the rentals which came into the hands of the receiver. This order or judgment that the receiver should pay over this amount to the lien holders is right. There was an unsatisfied judgment of the district court in favor of the lien claimants far in excess of this sum, all of which the court had held in equity belonged to the lien claimants. The judgment of the district court, refusing to turn over this money to

Zigmond, was unquestionably right. Its order directing it to be paid to the lien claimants was right and it is accordingly affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE HILLIARD and MR. JUSTICE ALTER concur.